UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 07-8385 DSF (FFMx) | Date | 12/3/08 |
|---|---|---|---|
| Title | Robert Chase, et al. v. Rite Aid Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Plaintiffs' Renewed Motion For Remand To Superior Court (Docket No. 35)

Before the Court is Plaintiffs' Renewed Motion for Remand to Superior Court. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 8, 2008 is removed from the Court's calendar.

## I. FACTS

On November 21, 2007, Plaintiffs brought a purported class action suit in state court against Rite Aid Corporation alleging violations of the California Labor Code. On December 28, 2007, Defendant Rite Aid removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On October 28, 2008, the Court issued an Order Granting Plaintiffs' Motion for Leave to Amend Complaint and Identify Defendants ("Order Granting Leave to Amend"). On November 21, 2008, Plaintiffs added Thrifty Payless, Inc. and Thrifty Corp. (collectively "Thrifty Defendants") as defendants to the First Amended Class Action Complaint ("Am. Compl."). Plaintiffs now seek to remand the case to the Los Angeles County Superior Court on the grounds that minimal diversity does not exist and that an exception to CAFA jurisdiction applies.

## II. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6
**A.  Minimal Diversity**

CAFA gives district courts original jurisdiction over any civil action in which the matter in controversy exceeds the value of $5 million, exclusive of interest and costs, and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).

The parties agree that the Plaintiffs are California citizens and the Thrifty Defendants are California citizens.  The sole issue is the citizenship, specifically, the principal place of business, of Rite Aid.  (Mot. 1 n.1; Decl. of Glenn L. Briggs in Supp. of Opp. to Pls.' Renewed Mot. for Remand ("Briggs Decl.") Ex. A at 2.)

For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated as well as the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1).  Diversity jurisdiction is "determined (and must exist) as of the time the complaint is filed and removal is effected."  See Strotek Corp. v. Air Transport Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  The "removing party bears the initial burden of establishing federal jurisdiction" under CAFA.  Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007).

Rite Aid is incorporated in Delaware.  (Decl. of James J. Comitale in Supp. of Rite Aid Corp.'s Opp. to Pls.' Renewed Mot. for Remand ("Comitale Decl.") ¶ 14.) Defendants argue that Rite Aid's principal place of business is Pennsylvania and therefore minimal diversity exists between the parties.  Plaintiffs counter that Rite Aid's principal place of business is California and therefore minimal diversity is lacking.

The Ninth Circuit applies the "total activities" test to determine a corporation's principal place of business.  Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990).  This test entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of its (a) income is earned, (b) purchases are made, and (c) sales take place.  Id.  "[D]etermining whether a corporation's business activity substantially predominates in a given state . . . requires a comparison of that corporation's business activity in the state at issue to its business activity in other individual states."  Tosco Corp. v. Communities For A Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). "Thus, 'substantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business."  Id.

The alternative "nerve center" test may be applied if no state contains a substantial predominance of the corporation's business activities pursuant to the above factors. Indus. Tectonics, 912 F.2d at 1094.  Under this test, a corporation's principal place of business is where its executive and administrative functions are performed.  Id. at 1092.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

### 1.  Total Activities Test

The Court finds that no state contains a substantial predominance of Rite Aid's business activities.  In terms of percentage of employees, California (13.8%) ranks second behind New York (16.3%) and ahead of Pennsylvania (approximately 13.0%) as of the time of both the filing of the Complaint and Removal.  (Comitale Decl. ¶¶ 3-5.)  In terms of the location of Rite Aid's real property, California (12%) ranks behind New York (14%) and is tied with Pennsylvania (12%) as of both dates.  (Id. ¶¶ 9-11.)  Similarly, no state contains a substantial predominance of Rite Aid's retail stores (New York has 14% of total, Pennsylvania 12%, and California 12%) and revenues.  (Id. ¶¶ 6-8, 19-21.)

Defendants erroneously argue that Rite Aid's profits in individual states are irrelevant to the substantial predominance inquiry.  (Opp. 15.)  The location from which a corporation earns its income is a factor to be considered under Indus. Tectonics.  912 F.2d at 1094.  Also, where a corporation makes most of its purchases is also a factor to be considered under Indus. Tectonics.  Id.  It seems Rite Aid buys almost all of its pharmaceuticals from McKesson Corp., a California-based wholesaler.  (Decl. of James R. Patterson in Supp. of Pls.' Renewed Mot. for Remand to Superior Court ("Patterson Decl.") Ex. 12[1] at 8, 16.)

However, given that almost all other measures of Rite Aid's business activities show a similar distribution among several states, the Court finds that no state possesses a significantly larger amount of Rite Aid's business activities than any other state even if Rite Aid were to earn most of its profits in a single state like California.

### 2.  Nerve Center Test

As Rite Aid's business activities do not substantially predominate in any single state, the Court applies the nerve center test to determine Rite Aid's principal place of business.  Rite Aid's executive and administrative functions are performed at its corporate headquarters in Pennsylvania.  (Comitale Decl. ¶¶ 14-16.)  The Court finds that Rite Aid is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.

Therefore, the Defendants have established minimal diversity under CAFA.

---

[1] The Court grants Plaintiffs' Request for Judicial Notice in Support of Motion as to Exhibit 12 and other exhibits the Court relies on.  The Court denies the Request as moot as to exhibits the Court does not rely on.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

**B.  Local Controversy Exception to CAFA, 28 U.S.C. § 1332(d)(4)(A)**

28 U.S.C. § 1332(d)(4)(A) states that a district court shall decline to exercise jurisdiction under CAFA:

(I) over a class action in which -

(I) greater than two-thirds of the members of all plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant-

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conducts forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the state in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

The party seeking remand bears the burden of proving an exception to CAFA jurisdiction.  <u>Serrano</u>, 478 F.3d at 1021-22.

Plaintiffs have met this burden.  More than two-thirds of the members of the proposed class are California citizens - as the class is limited to California employees of the Defendants.  (Am. Compl. ¶ 39.)  The Thrifty Defendants are California citizens.  The Court has found that "[n]either party disputes that Plaintiffs' claims against the Thrifty Defendants are substantively identical to their claims against Defendant Rite Aid." (Order Granting Leave to Amend 4.)  The Thrifty Defendants hired Plaintiffs and also likely hired other proposed class members.  (Patterson Decl. Exs. 13-14.)  Thus, Plaintiffs seek significant relief from the Thrifty Defendants and the alleged conduct of the Thrifty Defendants forms a significant basis for the claims asserted by the proposed class.  As the class is limited to California employees of Defendants, the principal injuries resulting from the alleged conduct of the Defendants occurred in California.  Finally, there has been no other class action during the 3 years preceding the filing of this class action alleging similar factual allegations against the Defendants on behalf of the same or other persons.

The Court finds that the local controversy exception to CAFA applies.

## III.  CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

For these reasons, the Court GRANTS Plaintiffs' Renewed Motion for Remand to Superior Court.  The Court REMANDS this action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.